**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
ROBERT LEVITT for himself and as Custodian for
Richard Levitt and Monica Levitt, ROBERT RICE,
STEPHEN G. SIBEN, STEPHEN STROBEHN,
STANLEY VELTKAMP, PHILIP C. VITANZA
for himself and Elizabeth Vitanza and Luke
Vitanza, JOHN T. WHITE, GUY V. WOOD,
CARL ZANDER, JR., and TED M. and
KATHRYN N. JONES, as Trustees,

       Plaintiffs,

  -against-

BEAR, STEARNS & CO. INC. and BEAR,
STEARNS SECURITIES CORP.,

      Defendants and Third-Party Plaintiffs,

    -against-

RANDOLPH PACE, ALAN NOVICH, ADAM R.
LIEBERMAN, WARREN SCHREIBER, JUDAH
WERNICK, MICHAEL KRASNOFF, MICHAEL
LULKIN, NANCY G. SHALEK, CRAIG L.
KELLERMAN, WILLIAM E. SCUTERI,
MATTHEW HAWLEY, and ROBERT J.
PAULSON,

      Third-Party Defendants,
---------------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
99-CV-2789 (ADS)(MLO)

**APPEARANCES:**

**Labaton Sucharow & Rudoff LLP**
Attorneys for the Rogers Plaintiffs
100 Park Avenue,12th Floor
New York, NY 10017-5563
    By: David Goldsmith, Esq., Of Counsel

**Law Offices of Bradley S. Gross**
Attorney for Defendant Michael Krasnoff
90 Maiden Lane, 4th Floor
New York, NY 10038
    By: Bradley S. Gross, Esq., Of Counsel

**SPATT, District Judge**.

## I. BACKGROUND

Although the Court assumes the parties' familiarity with the complex factual and procedural history of this case, a brief review is in order. In 1997, shareholders of ML Direct, Inc. ("ML Direct") and several other issuers commenced five lawsuits against Sterling Foster and other defendants in the Eastern District of New York and elsewhere. These five suits were consolidated into one action by United States District Court Judge Denis Hurley in October of 1997. The amended and consolidated complaint in Rogers v. Sterling Foster & Co., Inc., et al. ("the Rogers action") was filed in the Eastern District of New York against Sterling Foster and several other defendants, including Michael Krasnoff, Nancy G. Shalek, and Lasergate Systems, Inc.

In February of 1999, the Court granted the Rogers Plaintiffs' motion to add Bear Stearns as a defendant. In April of 1999, the Multidistrict Litigation Panel ("the MDL") transferred Levitt v. Bear, Stearns & Co. Inc. and Bear, Stearns Securities Corp., ("the Levitt action") from the United States District Court for the Southern District of New York to the consolidated pre-trial proceedings in this Court. The Levitt action concerned securities fraud allegedly committed by Bear Stearns in connection with ML Direct's initial public offering. From May of 1999 through June of 2006, the Levitt plaintiffs repeatedly sought but were denied appointment as lead plaintiffs for the ML Direct sub-class of plaintiffs.

On October 31, 2006, over the objections of the Levitt Plaintiffs, the Court granted final approval of a global settlement between the Rogers Plaintiffs and Defendants Bear Stearns, Krasnoff, Shalek, and Lasergate. The Levitt Plaintiffs appealed and on December 18, 2007, the United States Court of Appeals for the Second Circuit vacated: (1) the Court's order denying the Levitt Plaintiffs' motion to be appointed lead plaintiff; and (2) the Court's order approving the parties' proposed settlement. Levitt v. Rogers, 257 Fed. Appx. 450 (2d Cir. 2007).

During a status conference held on June 19, 2008, the Court directed the parties to keep the settlement monies paid by Krasnoff, Shalek, and Lasergate in escrow pending further direction from the Court. On March 26, 2009, the Court received a letter from Krasnoff requesting that the Court direct the Plaintiffs to return

3

his settlement payment of $300,000 in light of the Second Circuit's decision vacating the agreement. The Plaintiffs opposed Krasnoff's request and the Court heard arguments from the parties at a status conference held on April 23, 2009.

## II.  DISCUSSION

In support of his request, Krasnoff draws the Court's attention to two provisions in the settlement agreement. Paragraph 25 details a set of conditions that must be met before the settlement can become effective. In particular, Paragraph 25 provides, among other conditions, that the settlement shall only become effective upon:

> entry by the Court of an Order and Final Judgment . . . and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or by review by writ of certiorari . . .

Paragraph 27 of the settlement agreement provides that where the settlement is terminated or fails to become effective:

> "then the parties to [the] Stipulation shall be deemed to have reverted to their respective status in this Action immediately prior to the execution of [the] Stipulation and . . . the parties shall proceed in all respects as if [the] Stipulation and any related orders had not been entered, and any portions of the Cash Settlement Amounts previously paid by Settling Defendants, together with any interest earned thereon . . . shall be returned to the persons paying the same within five (5) business days . . .

Krasnoff argues that when these provisions are read in tandem, they compel the conclusion that he is entitled to a return of his settlement payment. Krasnoff claims that, pursuant to Paragraph 25, the settlement failed to become effective when the Second Circuit vacated the Court's Order approving the settlement. Krasnoff further contends that, because the settlement never became effective, Paragraph 27 requires the Plaintiffs to return his settlement payment. The Plaintiffs counter that Krasnoff is focusing on the wrong provision in the settlement agreement.

According to the Plaintiffs, the operative terms are contained in Paragraph 26 of the parties' settlement agreement. Paragraph 26 describes the various conditions under which a settling party would have the right to terminate the agreement. In particular, under Paragraph 26, a party may terminate the agreement by providing written notice of their intention to do so within thirty days of when "the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court." The Plaintiffs contend that Krasnoff's request must be denied because he failed to provide written notice of his intention to terminate the settlement within 30 days of the Second Circuit's opinion. The Court disagrees.

The settlement agreement is not a model of clarity in setting forth the parties' standing and obligations in the event that the agreement is invalidated on appellate review. Nevertheless, the Court is persuaded by Krasnoff's reading of the agreement. Paragraph 25 provides that the agreement could not become effective

5

until it was upheld on appeal and the time to file for certiorari expired.  Thus, when the Second Circuit vacated the Court's Order approving the settlement, the settlement failed to become effective.  Under Paragraph 27, the Second Circuit's decision returned the parties to their pre-settlement positions and gave the Defendants the right to a return of monies paid under the settlement.  Paragraph 26— which provides a mechanism for a party to terminate the agreement in the event that an appellate court modifies or reverses the agreement in any material respect—is inapplicable because a party need not move to terminate an agreement that never became effective in the first place.  Accordingly, under Paragraphs 25 and 27 of the parties' agreement, Krasnoff is entitled to a return of the settlement funds.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that Krasnoff's request for a return of his $300,000 settlement payment plus interest is **GRANTED**, and it is further

**ORDERED**, that the $300,000 plus interest be returned to Krasnoff within 10 days of the date of this Order.

**SO ORDERED**.

Dated: Central Islip, New York
      June 8, 2009

*/s/ Arthur D. Spatt*
Arthur D. Spatt
United States District Judge